**Pythias GOENAWAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71204.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Nov. 12, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2).

Kevin G. Long, Monterey Park, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Terri J. Scadron, Esq., Stacy S. Paddack, DOJ—U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA and GOULD, Circuit Judges.

## MEMORANDUM **

Pythias Goenawan, native and citizen of Indonesia, petitions for review of the Board of Immigration's ("BIA") affirmance of an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal and the Convention Against Torture ("CAT"). We have jurisdiction pursu-

ant to 8 U.S.C. § 1252 and we grant the petition for review in part.

The decision of both the IJ and the BIA are subject to the review of this Court. First, the Court must review the decision of the IJ to determine whether the BIA's deference to the IJ's conclusions was appropriate. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002). Second, the Court must review the BIA's decision, which specifically found that Goenawan failed to meet his burden of proving "changed country conditions in Indonesia." *See Kataria v. INS,* 232 F.3d 1107, 1112 (9th Cir.2000) ("Where . . . the BIA adopts the IJ's decision while adding its own reasons, we review both decisions.")

■ Substantial evidence supports the BIA's conclusion that Goenawan did not suffer past persecution on account of his ethnicity or religion in Indonesia. The IJ correctly observed that Goenawan was not harmed in Indonesia. It is true that he was forced to run from a mob shouting "Chinese!! Kill the Chinese!" during riots in Jakarta in May of 1998, and that he has been subject to numerous insults and threats because of his Chinese appearance. Nevertheless, for a petitioner to establish past persecution, he must establish "that the mistreatment he suffered . . . was substantially more grievous in kind or degree than the general manifestation of hostility between . . . competing ethnic and religious groups. . . ." *Avetova–Elisseva v. INS,* 213 F.3d 1192, 1196 (9th Cir.2000) (alteration in original) (quoting *Singh v. INS,* 134 F.3d 962, 967 (9th Cir.1998)). While the threat may have indicated future danger, substantial evidence supports the conclusion that it was not so menacing, in the absence of any threatening actions, to constitute past persecution by itself. *See Lim v. INS,* 224 F.3d 929, 936 (9th Cir.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

2000) (quoting *Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997)) ("Threats standing alone ... constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual 'suffering or harm.' "). In sum, we cannot say that a reasonable fact-finder would have been compelled to find past persecution. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Moreover, on the record before us, Goenawan did not establish that Chinese Christians were subject to systematic government-sanctioned mistreatment, as required to demonstrate a "pattern or practice" of persecution in Indonesia. *See* 8 C.F.R. §§ 1208.13(b)(2)(iii)(A)-(B).

█ However, the IJ erred when he found that Goenawan had not presented substantial evidence establishing he had a well-founded fear of persecution. The record establishes that the IJ erroneously determined that Chinese Christians might have problems in parts of Indonesia other than Jakarta, but that Jakarta was an area that was not problematic for Goenawan. Goenawan had presented extensive documentary evidence to the contrary. In fact, the IJ hearing was in May, 2000, only a year after rioting against the Chinese claimed lives in Jakarta. Moreover, Goenawan's mother and sister moved to the United States to escape the unrest involving the Chinese in Jakarta.

Further, the BIA erred when it misconstrued Goenawan's appeal of the IJ's error to be an appeal involving "changed country conditions." Goenewan had instead appealed the IJ's decision on the ground that he had a well-founded fear of persecution on return to Indonesia.

Therefore, substantial evidence does not support the BIA's conclusion that Goenawan did not have a well-founded fear of future persecution if he were to return to Indonesia. Hence, Goenewan is eligible for asylum. *See, e.g., Mgoian v. INS,* 184 F.3d 1029, 1035 n. 4 (9th Cir.1999).

However, Goenawan has not met the more stringent evidentiary standard required for withholding of removal. *See, e.g., Arteaga v. INS,* 836 F.2d 1227 (9th Cir.1998).

Substantial evidence also supports the BIA's conclusion that Goenawan is not entitled to relief under the CAT because he did not demonstrate that it is more likely than not that he would be tortured upon return to Indonesia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

The petition for review is GRANTED in part and DENIED in part. The case is remanded to the BIA for further proceedings consistent with this opinion. *See Ventura v. INS,* 317 F.3d 1003 (9th Cir.2003).